OKLAHOMA BENEFIT LIFE ASS'N v. BIRD, Dist. Judge, et al.

No. 31240. March 16, 1943.

*135 P. 2d 994.*

Cheek, Gibson & Savage, of Oklahoma City, for petitioners.

Harry C. Kirkendall, of Enid, for respondent.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., amicus curiae.

GIBSON, V. C. J. This is an original proceeding wherein the petitioners seek a writ of prohibition against the respondent J. W. Bird as judge of the district court of Garfield county, commanding him to renounce jurisdiction and to take no further proceedings in a certain action filed in said court.

The action in the lower court was instituted by one Rumsey and certain other parties against the petitioners, Oklahoma Benefit Life Association, a corporation, and J. T. Tresner and M. J. Tresner, president and secretary, respectively, of said corporation. The corporation is a mutual benefit association organized and operating pursuant to 36 O. S. 1941 §§ 691-707, and the plaintiffs are holders of benefit certificates therein. Their action against the association and its officers is somewhat similar to the ordinary class suit in equity by stockholders against the directors and officers of a corporation to restrain a breach of trust involving the corporate assets. A mutual benefit association is carried on for the bene-

fit of its members, and they have a voice in its affairs similar to the stockholders in the ordinary commercial corporation. 36 O. S. 1941 §§ 693, 694.

The petitioners herein say that the relief sought by the plaintiffs in the court below is of the character which under the existing laws may be adjusted only through the offices of the Insurance Commissioner, or may be adjudicated in the courts only at the suit of the commissioner in his official capacity.

The main purpose of the action in district court was to restrain the present petitioners from consummating a reinsurance contract with Oklahoma Life Insurance Company. The petition charged that the said J. T. Tresner owned the majority stock in said life insurance company; that he was president thereof, and M. J. Tresner was vice president; that the proposed insurance contract would transfer to the insurance company all the assets of the association, and convert the benefit certificates into policies in a company operating on a legal reserve basis, all to the alleged disadvantage and loss of the complainants and others similarly situated. It was further charged that by reason of certain illegal acts on the part of the officers aforesaid the reinsurance contract was authorized without the consent of a majority of the certificate holders. The officers were charged with certain ulterior motives and ultra vires acts in connection with the reinsurance contract designed to injure the certificate holders to the benefit of the officers. The complainants also sought the removal of said officers and the appointment of a trustee or receiver for an audit of the books of the association, and that the certificate holders be given an opportunity to vote their will in all matters pertaining to association and the election of officers thereof.

Had the case in district court been an ordinary action by stockholders against the officers of the corporation, the petition may have stated a cause for equitable relief. But, unlike the ordinary business corporation, insurance companies have been placed under the general supervisory control of the Insurance Department of the state, and that department is charged with the execution of all laws in relation to insurance and to insurance companies doing business in the state. Section 22, art. 6, Const. And the Insurance Commissioner is the executive head of the Insurance Department. Section 23, art. 6, Const.

Said section 22, in charging the Insurance Department with the execution of all laws, present and future, relating to insurance companies, contemplates, at least, those laws having for their purpose the regulation of such companies in all matters pertaining to the general operation of their business as affecting the public at large and their policyholders as a body. Aside from existing contractual relation between the company and the individual policyholder, the Insurance Commissioner actually may be made the executive spokesman for the policyholders and for the state in pursuing any remedy against the company or its officers. The Constitution makes the Insurance Commissioner a part of the executive branch of the government (sec. 1, art. 6), and clearly expresses an intention that the Legislature may vest in him the executive power to adjust all matters growing out of disputes between the companies and their policyholders pertaining to internal management, and to institute proper judicial proceeding to that end. And the general rule is that where the Legislature has declared that certain classes of cases shall be prosecuted in the name of the state by designated persons or officers, such cases cannot be maintained by any other person. State ex rel. Murray v. Pure Oil Co., 169 Okla. 507, 37 P. 2d 608.

The respondent insists, however, that the Legislature has not seen fit to place in the commissioner the power to institute an action for some of the grounds for relief set out in the petition in district court, and that as to those grounds the commissioner may

not act, thus the complainants below are within their rights in instituting the action. Respondent says that even if the complainants may not ask for a receiver, they may restrain the contract and remove the officers at their own suit.

It is provided by 36 O. S. 1941 § 696 that two or more such associations may merge, unite, or consolidate, or may cause the business and property, in whole or in part, of one or more to be transferred to another association, or to any insurance association or company licensed to do business here. But the agreement in that regard must be submitted to the Insurance Commissioner, who shall approve the same if he is satisfied that the agreement will not be prejudicial to the rights of the members, and that such association can comply with the terms and conditions prescribed by law for the conduct and operation thereof. See, also, 36 O. S. 1941 § 81, to similar effect.

Only the Insurance Commissioner may resort to the courts for the appointment of a receiver for the operation or liquidation of an insurance company. 36 O. S. 1941 § 76. That section is well within the scope of the legislation contemplated by section 22 of the Constitution, supra, charging the Insurance Department "with the execution of all laws now in force, or which shall hereafter be passed, in relation to insurance and insurance companies doing business in the state."

Pursuant to the foregoing authorization, the Insurance Commissioner is given the power of visitation and examination into the affairs of insurance companies, and if, in his estimation, any such company has exceeded its powers, or has failed to comply with any provision of law, or is not carrying out its contract with its members in good faith, he may resort to district court to restrain the association or corporation from transacting any business in the state, and to appoint a receiver to wind up and liquidate its business. 36 O. S. 1941 § 694. Thus, under penalty of receivership and liquidation after visita-

tion and audit, the Insurance Commissioner may enforce respect on the part of the association for its legal obligations to the state and to its members. And the initial duty in this regard lies with the commissioner.

In this instance certain members of the association seek to enjoin the association and its officers from carrying out a contract that affects the entire membership, and one which depends upon the approval of the Insurance Commissioner for its validity. The contract may or may not have been entered into in good faith. Such contracts are authorized by law, but they are wholly without legal force until they receive the approval of the commissioner after a consideration of certain elements designated in the statute. He has not acted in this case. In the absence of any action on the part of the commissioner in this regard, it is clear that the members may not resort to the courts to enjoin the consummation of the contract. Nor may they resort to the courts for determination whether the association or its officers have acted ultra vires or transgressed the law in any way. The Insurance Commissioner alone may prosecute such cases. He is the executive officer designated for that purpose.

To so confine legal action to the Insurance Commissioner has long been considered as the better plan to preserve and protect the interests of members or policyholders. Insurance companies have come to be looked upon as at least quasi-public in nature, subject to state control for the general benefit of not only the policyholders but of the public.

As somewhat appropriate here, we refer to the language employed by the Court of Appeals of New York on a similar subject in Swan v. Mutual Reserve Fund Life Ass'n, 155 N. Y. 9, 49 N. E. 258, as follows:

"Their primary purpose is co-operation of individuals in a plan for the mutual insurance of their lives, whereby the cost will be cheapened. Each member participates in the business re-

sults, and, as there are profits or losses, so is his insurance affected in its cost to him. Indeed, the objects of life insurance corporations invest them with such a public interest that the state has placed them within the superintendence of a special department; and every consideration militates in favor of the protection which the state has thrown around these companies."

The commissioner, in cases of this character, must first be given the opportunity to act.

We are of the opinion that the plaintiffs in district court were without right to maintain the action, and that the writ should issue.

Writ granted.

CORN, C. J., and RILEY, OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. WELCH and DAVISON, JJ., absent.