Edward Juill LEWIS, Argonaut Insurance
Company, Charlene Fletcher,
Appellants,

v.

The STATE of Oklahoma, Appellee.

No. 50063.

Supreme Court of Oklahoma.

June 6, 1978.

Rehearing Denied July .18, 1978.

Forest N. Simon, Oklahoma City, for appellants.

Andrew M. Coats, Dist. Atty., Oklahoma County by James P. Laurence, Asst. Dist. Atty., for appellee.

IRWIN, Justice.

Appellants are the defendant-principal and his bondsman and surety on a criminal appearance bond. The defendant-principal failed to appear at a scheduled hearing and an order of forfeiture of bond was entered. Appellants appeal from a judgment refusing to set aside the forfeiture.

The order of forfeiture was entered on June 1, 1976, and the notice of forfeiture was given to bondsman on June 7th. On July 7th the bondsman filed a motion to set aside the forfeiture and on July 13th surrendered the defendant-principal to the proper authorities. On July 23, 1976, the cause came on for hearing and in the judgment refusing to set aside the forfeiture the trial court found that the defendant-principal "was not or did not surrender to the Court within thirty (30) days from the date of the notice of said bail bond forfeiture, and that therefore the Court was without jurisdiction to entertain the motion to set aside the bond forfeiture."

The trial court based its ruling on 59 O.S.1971, § 1332(3),[1] which in pertinent part provides:

". . . If the defendant is surrendered to custody of the sheriff or court wherein the forfeiture has been ordered within thirty days from the date of said order, the court, upon the motion of the defendant or the bondsman shall set aside the forfeiture for good cause shown and upon proof that there has been no previous forfeiture of bond in the case at issue.
. . ."

In *Short v. State*, Okl., 482 P.2d 592 (1970) we held:

"In the event of the forfeiture of a bail bond, the thirty day period for filing a motion to set aside the order of forfeiture

as provided by 59 O.S.Supp.1970, § 1332 commences to run from the date of notice of forfeiture and not from the date of the order.

Due process requires that 59 O.S.Supp. 1970, § 1332(3), be construed to mean that the thirty day period for surrendering the defendant commences to run from the date of notice of forfeiture and not from the date of the order of forfeiture. *Machell v. State of Oklahoma*, Okl., 481 P.2d 148, is modified to this extent."

■ In discussing sec. 1332(3) supra, in *Machell v. State*, Okl., 481 P.2d 148 (1971) we said that it was subject to but one construction and that is: If the defendant is surrendered to the custody of the sheriff or court wherein the forfeiture has been ordered within thirty days from the date of forfeiture, the court, upon motion of the defendant or the bondsman shall set aside the forfeiture if evidence is furnished showing good cause why defendant failed to appear at the time and place of his scheduled appearance. Sec. 1332(3) must be interpreted to mean that unless the defendant is surrendered within the thirty (30) day period, the bondsman is not entitled to have an order of forfeiture set aside for good cause shown.

■ In our opinion the trial court erroneously found in its journal entry of judgment that it did not have the *jurisdiction* to entertain the motion to set aside the bond forfeiture. It appears the word "jurisdiction" was inadvertently used because it is inconsistent with the manner in which the proceedings were conducted and the trial court had correctly analyzed the applicable law in its remarks shown in the record. However, the trial court's erroneous finding does not constitute reversible error because it did reach the right results. See *Russell v. Flanagan*, Okl., 544 P.2d 510 (1975).

---

1. 59 O.S.1971, § 1332 was amended in 1976 (Oklahoma Session Laws, 1976, Ch. 14, pg. 16) but the bond forfeiture was under the laws prior to the 1976 amendment. The amendment, inter alia, changed from thirty (30) to sixty (60) days the time period within which to file the motion to set aside the bond forfeiture and set a like time period within which to surrender the defendant.

884

In *Lowry v. Semke*, Okl., 571 P.2d 858 (1977) we said that jurisdiction involves three elements: (1) jurisdiction of the person; (2) jurisdiction of the subject matter; and (3) the judicial power to render the particular judgment. Subject matter jurisdiction is the power of the courts and judicial officers to take cognizance of and to hear and determine the subject matter in controversy and to exercise judicial power over them. *Clark v. Clark*, Okl., 361 P.2d 207 (1961).

In the case at bar the bondsman timely filed its motion to set aside the forfeiture and the trial court had jurisdiction of the parties, the subject matter, and the power to set the forfeiture aside. The fact that bondsman may not have been entitled to the relief sought did not divest the trial court of its jurisdiction. And if the trial court had ordered the forfeiture set aside, this would not have rendered the judgment void, merely voidable. It would have constituted a mistake of law but the judgment would be no less conclusive. *Fitzsimmons v. Oklahoma City*, 192 Okl. 248, 135 P.2d 340 (1942).

Having determined that appellants were not entitled to have the bond forfeiture set aside because the defendant-principal was not surrendered within the thirty (30) day period prescribed by sec. 1332(3) it is unnecessary to consider appellants' contention that good cause was shown for defendant-principal's failure to appear at the scheduled hearing.

JUDGMENT AFFIRMED.

All the Justices concur.