2000 OK CIV APP 121

**INDEPENDENT SCHOOL DISTRICT NO. 1 OF OKLAHOMA COUNTY, Oklahoma; Oklahoma State School Boards Association; and Oklahoma Association of School Administrators, Appellees**

v.

**Clifton H. SCOTT, in his official capacity as State Auditor and Inspector of the State of Oklahoma, Appellant.**

No. 93,485.

Court of Civil Appeals of Oklahoma, Division No. 2.

July 5, 2000.

Certiorari Denied Oct. 17, 2000.

William P. Bleakley, Linda Maria Meoli, Stephanie J. Mather, The Center for Education Law, Inc., Oklahoma City, Oklahoma, for Appellee Independent School District No. 1 of Oklahoma County, Oklahoma.

Julie L. Vogt, Oklahoma State School Boards Association, Oklahoma City, Oklahoma, for Appellee Oklahoma State School Boards Association.

Phyllis Walta, Walta & Walta, Enid, Oklahoma, for Appellee Oklahoma Association of School Administrators.

John M. McCormick, Douglas F. Price, Assistant Attorneys General, Office of the Attorney General, State of Oklahoma, Oklahoma City, Oklahoma, For Appellant.

COLBERT, J.

¶ 1 Oklahoma State Auditor and Inspector Clifton H. Scott [State Auditor] appeals a summary judgment in favor of Plaintiffs Independent School District No. 1 of Oklahoma County [School · District], Oklahoma State School Boards Association, and Oklahoma Association of School Administrators.[1] The dispositive issue on appeal is whether the district court had jurisdiction to consider Plaintiffs' lawsuit. Upon review of the record on appeal and the applicable law, we hold that it did not, reverse the judgment, and remand to the district court for dismissal of Plaintiffs' lawsuit.

¶ 2 State Auditor conducted an investigation of School District upon the submission of a petition by the requisite number of district petitioners pursuant to 74 O.S. Supp.1994 § 212(B).[2] He released his findings, in the

---

1. Plaintiffs have not distinguished their arguments between School District and the other plaintiffs, but have filed joint pleadings and briefs and treated the issues as applying equally to all. For that reason, we accept on appeal that all three Plaintiffs have identical interests.

2. Title 74 O.S. § 212 has been amended since the effective date of the petition seeking the audit at

form of an investigatory report, to School District and the public on May 28, 1998. The report was critical of a number of School District's financial practices.

¶ 3 This report has been the subject of two separate lawsuits between these Plaintiffs and State Auditor. Plaintiffs first filed a petition against State Auditor seeking a declaratory judgment to contradict the report's conclusions pertaining to School District's practices in compensating its superintendent.[3] *See* 12 O.S.1991 §§ 1651–1657 (Declaratory Judgments Act). Plaintiffs also named School District's superintendent as a defendant in the first lawsuit.

¶ 4 State Auditor filed a motion to dismiss, asserting that the district court lacked subject matter jurisdiction, that Plaintiffs failed to join necessary parties (the taxpayers who made the initial demand for an audit), and that the district court could not "rewrite" State Auditor's comments without violating the separation of powers doctrine. The district court granted State Auditor's motion without specifying the basis for the dismissal. The court did not state whether the dismissal was with prejudice to refiling.

¶ 5 Just days before the dismissal of the first lawsuit, Plaintiffs filed this second lawsuit seeking a declaratory judgment contradicting other conclusions contained in the report. State Auditor filed a motion to dismiss on the same grounds as before. He also informed the district court of the dismissal of the first lawsuit and asserted that Plaintiffs' second lawsuit was barred as a result. The district court denied State Auditor's motion.

¶ 6 Plaintiffs then filed a motion for partial summary judgment. State Auditor also filed a motion for summary judgment, asserting that the district court lacked subject matter jurisdiction and that judicial review of an audit or investigation results in a violation of the separation of powers doctrine contained in the Oklahoma Constitution. The district court denied State Auditor's motion, granted Plaintiffs' motion, and declared the judgment final, finding that all other issues raised in Plaintiffs' petition were moot. State Auditor appeals.

## STANDARD OF REVIEW

■ ¶ 7 The issue presented is one of law. Contested issues of law are reviewed de novo. *Weeks v. Cessna Aircraft Co.*, 1994 OK CIV APP 171, ¶ 5, 895 P.2d 731, 733 (approved for publication by the Oklahoma Supreme Court). When reviewing questions of law under the de novo standard, "an appellate court claims for itself plenary independent and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

## DISCUSSION

### I. RES JUDICATA

■ ¶ 8 The first issue we must address is whether this second lawsuit is barred by the outcome of the first lawsuit. There are two forms of res judicata recognized by Oklahoma courts: claim preclusion (formerly referred to as res judicata) and issue preclusion (formerly referred to as collateral estoppel). *Miller v. Miller*, 1998 OK 24, ¶ 22 & n. 16, 956 P.2d 887, 896 & n. 16. In arguing that Plaintiffs' second lawsuit is barred, State Auditor draws on both forms of res judicata.

■ ¶ 9 Claim preclusion prevents a plaintiff from splitting a single claim into multiple lawsuits. *Id.* at ¶ 23, 956 P.2d at 896; Restatement (Second) of Judgments §§ 17–26 (1980).[4] Once there is a final judgment on the merits of an action, the plaintiff is precluded from relitigating not only that particular claim, but also any theories or

issue in this case. The version in effect at the time of the petition is last reflected in the 1994 supplement to the official statutes.

**3.** Oklahoma State School Boards Association and Oklahoma Association of School Administrators have joined School District in bringing the lawsuits, asserting that State Auditor's findings are of statewide concern affecting the majority of Oklahoma school districts and administrators.

**4.** The Oklahoma Supreme Court has drawn freely from the Restatement (Second) of Judgments on questions of res judicata. *See Miller v. Miller*, 1998 OK 24, 956 P.2d 887; *Danner v. Dillard Dep't Stores, Inc.*, 1997 OK 144, 949 P.2d 680.

issues that actually were decided or could have been decided in that action. *Miller*, 1998 OK 24, ¶ 23, 956 P.2d at 896; *see also Greater Okla. City Amusements, Inc. v. Moyer*, 1970 OK 213, 477 P.2d 73 (syl. no. 1 by the court) ("An entire claim or demand cannot be split so as to be made the subject of different actions for different parts, and if this is done and separate actions are brought, a judgment on the merits in one will bar the others.").

¶ 10 Claim preclusion, however, is not applied without exception. A subsequent action is not barred if the first judgment was one of dismissal for a lack of jurisdiction, improper venue, or nonjoinder or misjoinder of parties. Restatement (Second) of Judgments § 20 (1980). State Auditor successfully moved for the dismissal of the first lawsuit on three grounds; two questioned the court's jurisdiction (want of subject matter jurisdiction and violation of the separation of powers) and one went to the nonjoinder or misjoinder of parties. Although the court did not specify which of the grounds convinced it to dismiss the first lawsuit, a dismissal on the grounds of any one does not preclude a subsequent lawsuit on the same claim. Plaintiffs' second lawsuit is not, therefore, barred by claim preclusion.

¶ 11 Even if claim preclusion does not bar a subsequent claim, issue preclusion may effectively bar the claim by precluding the relitigation of a particular issue. *See* Restatement (Second) of Judgments § 20 cmts. b-c (1980). "[O]nce a court has decided an issue of fact or of law necessary to its judgment, the same parties or their privies *may not relitigate that issue* in a suit brought upon a different claim." *Miller*, 1998 OK 24, ¶ 25, 956 P.2d 887, 897. "The defendant must show that the issue sought to be precluded was actually litigated and determined in the prior action between the parties or their privies, and that the determi-

nation was essential to the decision in the prior action." *Id.* at ¶ 26, 956 P.2d at 897.

¶ 12 In this instance we cannot determine the basis for the district court's dismissal of the first case: want of subject matter jurisdiction, nonjoinder of necessary parties, or a violation of the separation of powers. [Indeed, the district court deliberately left the basis for the dismissal unexplained.[5]] Because no one issue was decided, we cannot hold that this second lawsuit is barred by the doctrine of issue preclusion.

## II. JURISDICTION

¶ 13 Regardless of the determination of his res judicata defense, State Auditor maintains the district court did not have jurisdiction to consider Plaintiffs' claim. Jurisdiction is composed of three elements: (1) personal jurisdiction; (2) subject matter jurisdiction; and (3) the court's power to render the particular judgment requested. *Lewis v. State*, 1978 OK 83, ¶ 7, 581 P.2d 882, 884. State Auditor contends the district court was without jurisdiction to hear this matter because it lacked both subject matter jurisdiction and the power to make this particular judgment.

### A. *Subject Matter Jurisdiction*

¶ 14 Oklahoma's constitution provides that district courts "shall have unlimited original jurisdiction of all justiciable matters." Oklahoma Constitution, art. 7, § 7(a). A district court may issue a declaratory judgment, determining "rights, status, or other legal relations" in an "actual controversy." 12 O.S.1991 § 1651. State Auditor contends that there is no "justiciable matter" because there is no "actual controversy." We agree.

¶ 15 State Auditor states that there is no direct statutory authority for the district court to review his report and legal conclusions. *See* 74 O.S.1991 & Supp.1999 §§ 212–229.[6] The lack of direct statutory

5. The order of dismissal originally contained the statement, "[T]he Court finds Plaintiffs' petition fails to properly invoke the subject matter jurisdiction of this court and fails to state a claim upon which relief can be granted." The judge crossed out this statement and wrote in its place,

"[T]he Court finds Defendant Scott's motion to dismiss should be sustained."

6. Although 74 O.S.1991 § 212.1 provides that *county officers* have a duty to follow State Auditor's instructions or advice until relieved of that duty by a court of competent jurisdiction, it does

authority for Plaintiffs' action, however, is not necessarily fatal. The key determinant is the existence of a "justiciable matter." *See Conoco, Inc. v. State Dep't of Health*, 1982 OK 94, ¶ 18, 651 P.2d 125, 131–32.

¶ 16 Certainly, a plaintiff can successfully bring a declaratory judgment action to test the applicability or constitutionality of a statute. In *State ex rel. Board of Exam'rs in Optometry v. Lawton*, 1974 OK 69, 523 P.2d 1064, the supreme court held that an action for declaratory judgment was the proper vehicle for an optometrist arguing that a statute limiting the location of his practice was unconstitutional and that the optometrist did not need to risk violating the law to obtain the court's review. A plaintiff can also bring a declaratory judgment action seeking to have an opinion of the attorney general declared ineffective. *Democratic Party v. Estep*, 1982 OK 106, 652 P.2d 271. But in that circumstance, the court noted that the "legal hurdle sought to be removed by [the political party's] suit cannot be overcome without judicial intervention. Public officials act at their peril when their action is in contravention of an opinion by the attorney general." *Id.* at ¶ 8, 652 P.2d at 274–75.

¶ 17 Although Plaintiffs are not attacking a statute, they contend there is a justiciable controversy because they will incur criminal and civil penalties if they do not abide by State Auditor's legal conclusions. The supreme court has recognized that an action for declaratory judgment "is especially useful in a case where a justiciable controversy between the parties exists and the plaintiff would be required to do or refrain from doing some action at his legal peril." *Conoco*, 1982 OK 94, ¶ 18, 651 P.2d at 131. State Auditor, however, maintains that his legal conclusions do not have the force of law and that, although his legal conclusions and recommendations can be used by others in an enforcement action against Plaintiffs, they are not directly placed in legal peril by his conclusions alone.

¶ 18 In support of their assertion that they are constrained to follow State Auditor's rec-

ommendations, Plaintiffs first point to 74 O.S. Supp.1999 § 213(A). Section 213(A) provides that officers of *state* educational institutions who willfully neglect to comply with State Auditor's directions, are guilty of a misdemeanor. However, section 213(A) applies only to educational and other institutions belonging to the state, those which State Auditor must examine annually. Plaintiffs are not state institutions and do not represent state institutions. School District is an institution of local government and the other plaintiffs are private associations representing institutions, local government, and employees of those institutions.

¶ 19 Plaintiffs also cite to 70 O.S. 1991 § 5–125, which provides that members of a board of education who vote to pay an unlawful claim shall be personally liable to the district for double the sum paid. Plaintiffs have failed, however, to establish by any authority that State Auditor's recommendations have the weight of law which would give rise to such liability. Plaintiffs then assert that State Auditor's own policy manual requires their acceptance of State Auditor's conclusions. The manual contains the following statement:

> Audit recommendations are an integral part of each audit. Auditees are *requested* to implement audit recommendations or justify when they cannot be implemented. It is mandatory that a financial audit include the follow-up of prior audit recommendations.

(Emphasis added.) This simply does not indicate that Plaintiffs are obliged to follow State Auditor's recommendations. The State Auditor's *request* that School District (and other school districts) follow his recommendations is not a legal mandate that can be reviewed by this court. *See Walters v. Oklahoma Ethics Comm'n*, 1987 OK 103, ¶ 22, 746 P.2d 172, 178.

¶ 20 Plaintiffs also argue they are in legal peril because State Auditor has recommended that proper authorities determine whether further action should be taken

---

not apply to this situation because Plaintiffs are not county officers. Moreover, it gives us no guidance in this situation because it does not

specify the appropriate vehicle for the district court's review.

against School District and the original petitioners, the taxpayers who petitioned State Auditor to conduct the investigation, have also threatened a civil suit. Nevertheless, legal peril, direct or otherwise, is not the only consideration.

> In and of itself the determination to refer was without binding legal consequence. The determination standing alone is lifeless and is merely a preparatory to further proceedings. If and when the appropriate authority brings charges against [plaintiff] for violations of the Act, the issue of the validity of [his actions] will come to life.

*Id.* The requirement of a justiciable controversy to create subject matter jurisdiction is unabated. *Conoco*, 1982 OK 94, ¶ 18, 651 P.2d at 131–32 ("[Declaratory judgment] cannot extend the jurisdiction of a court where it would not exist otherwise.") Potential legal problems do not create an actual controversy.

> [T]o invoke the jurisdiction of the court under the declaratory judgments act there must be an actual, existing justiciable controversy between parties having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, potential or contingent dispute.

*Gordon v. Followell*, 1964 OK 74, 391 P.2d 242 (syl. no. 1 by the court). Plaintiffs, at best, point to contingent disputes in which the correctness of State Auditor's recommendations can be litigated. There is no actual, justiciable controversy here at this point in time. Because there is no actual, justiciable controversy, there is no subject matter jurisdiction.

**B.** *Authority to Enter The Judgment*

■ ¶ 21 There is a second problem with the district court's assumption of jurisdiction in this matter. State Auditor asserts the district court lacked the authority to enter the requested judgment, because the judgment violated the doctrine of separation of powers. We agree.

■ ¶ 22 The separation of powers is preserved in the Oklahoma constitution, which provides that "the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others." Oklahoma Constitution, art. 4, § 1. The doctrine of separation of powers requires that, "[i]n the absence of express authority of law so to do, the judiciary will not interfere with the exercise of executive powers." *Bynum v. Strain*, 95 Okla. 45, 218 P. 883 (1923) (syl. no. 5 by the court). State Auditor is an executive officer. Oklahoma Constitution, art. 6, § 1. As such, he is directly responsible to the electorate, not the judiciary, for the actions he takes. *See Bynum*, 218 P. at 885–86.

■ ¶ 23 The separation of powers is scrupulously observed by the judiciary. Indeed, the courts may overrule State Auditor's official actions only in extreme situations. *Clark v. Carter*, 86 Okla. 126, 209 P. 932, 938 (1922).

> The Constitution makes the State Auditor an executive officer of the state, and the Legislature has made him the state's accountant of all funds of the state, and imposes certain positive duties upon him with reference to issuing warrants against the state, and, by failing to define the limits of his duties and to prescribe the manner of their performance, he is left to his own judgment in the discharge of his duties thus imposed, and the courts will not interfere with his discretion unless it be made to appear that he has abused his discretion. By this we are not to be understood as holding that the Auditor may act arbitrarily or capriciously. The law does not authorize the Auditor to act capriciously or arbitrarily, nor does it contemplate that he will abuse the discretion vested in him. The law presupposes that he will not exceed his authority nor abuse his discretion, but will act with fairness and in honest good faith in the fulfillment of his duties. But, in case he should act capriciously or arbitrarily or should exceed his authority or abuse his discretion, then the law authorizes this court, in the exercise of its equity powers, to correct such abuse and grant such relief to the aggrieved party as he may be entitled to receive.

*Id.* In other words, the courts will interfere with State Auditor's decisions and actions only if he acts capriciously or arbitrarily, or if he exceeds his authority or abuses his discretion. This is true regardless of whether State Auditor is acting pursuant to his constitutional powers or statutory powers.[7]

¶ 24 This restraint is further reflected in *Fields v. Driesel,* 1997 OK CR 33, 941 P.2d 1000, where the court of criminal appeals reviewed the decision of a district court which held the director of the Department of Corrections in indirect contempt for his performance of a discretionary act authorized by statute. The court, although it obviously disapproved of the director's actions, held that the district court's action improperly intruded on the executive branch's role:

> When the concept of accountability is thwarted by an act or acts of a public official, it dilutes the confidence of the people of this State in our system of justice. One naturally wants to take action to correct those deficiencies in lack of stewardship by an entity or individual in the execution and fulfillment of the assigned government role. *Such action, however, must be taken in accordance with the law, the statutes, and the Constitution of this State.*

*Id.* at ¶ 36, 941 P.2d at 1007 (emphasis added). *See also Stonecipher v. District Ct.,* 1998 OK 122, 970 P.2d 182 (grand jury was subject to review because it violated the law and exceeded its powers).

¶ 25 In this situation, Plaintiffs do not contend that State Auditor acted arbitrarily, exceeded his authority, violated any law, or abused his discretion. Instead they contend only that he reached erroneous legal conclusions. The extant case law does not allow judicial intervention in that circumstance.

¶ 26 While Plaintiffs might argue that reaching an erroneous legal conclusion is, by definition, "capricious," we would not accept such an argument. "Capricious" is defined as "characterized by or guided by unpredictable or impulsive behavior" or "contrary to the evidence or established rules of law." Black's Law Dictionary 203 (7th ed.1999). Plaintiffs do not assert that State Auditor has engaged in conduct that would satisfy this definition. Disagreement with State Auditor's legal conclusions, which he is mandated by law to make, falls far short of supporting a claim that he has acted in violation of "established rules of law."

¶ 27 In attempting to avoid the doctrine of separation of powers, Plaintiffs repeatedly assert that State Auditor was acting in a quasi-judicial capacity. Even if that were a relevant distinction, we find nothing in the record which supports Plaintiffs' assertion.

> Quasi–Judicial power is a term applied to the action of public administrative officers or boards which investigate facts or ascertain the existence of facts; draw conclusions from them as a basis for official action; and exercise discretion of a judicial nature in connection with and incidental to the administration of matters entrusted to or assigned to the officers or board.

*Jackson v. Independent Sch. Dist. No. 16,* 1982 OK 74, ¶ 12 n. 20, 648 P.2d 26, 31 n. 20. We find no indication in the record that the legal conclusions about which Plaintiffs complain involved the exercise of discretion or the application of facts to the law. Certainly, State Auditor did conduct an investigation and apply the facts he found to the law, but Plaintiffs do not complain of those conclusions, only State Auditor's legal conclusions. *See Ethics Comm'n v. Keating,* 1998 OK 36, ¶ 9 n. 2, 958 P.2d 1250, 1254 n. 2 (the supreme court assumed original jurisdiction to find the Ethics Commission had exceeded its powers while acting in a quasi-judicial capacity); *but see Walters v. Oklahoma Ethics Comm'n,* 1987 OK 103, 746 P.2d 172 (where, although the supreme court agreed in general that there could be judicial review of the legal conclusions of the Ethics Commission, the court would not review a decision applying the law to the facts). Plaintiffs' allegations do not attack any quasi-judicial actions of State Auditor.

---

7. Plaintiffs have argued that the doctrine of the separation of powers applies only to State Auditor's exercise of his constitutional powers. The courts make no such distinction. *See Clark v. Carter,* 86 Okla. 126, 209 P. 932, 938 (1922); *Fields v. Driesel,* 1997 OK CR 33, 941 P.2d 1000.

¶ 28 Under the circumstances presented here, the district court erred in assuming jurisdiction because it did not have the power to grant the requested judgment.

## CONCLUSION

¶ 29 State Auditor cannot successfully defend this matter upon the grounds of res judicata. However, the district court erred in assuming jurisdiction of this matter. It did not have subject matter jurisdiction and it did not have the power to enter the requested judgment.

¶ 30 REVERSED AND REMANDED FOR DISMISSAL.

¶ 31 RAPP, P.J., and TAYLOR, J., concur.