**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHADWICK JASHAWN NEAL,

    Plaintiff–Appellant,

v.

MEGAN C. DAVIS; RICK SILVER;
JOHNNY JOHNSON; and STEVE
JOHNSON,

    Defendants–Appellees.

No. 12-5005
(D.C. No. 4:11-CV-00617-TCK-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

    Chadwick Neal appeals the dismissal of his 42 U.S.C § 1983 complaint.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    [*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

Neal, who appears pro se, is incarcerated at the Howard McLeod Correctional Facility in Atoka, Oklahoma. In May 2010, Neal filed a federal civil rights lawsuit in state court based on events that allegedly occurred while he was in custody at the county jail. Neal asserted that he sustained a serious eye injury during an assault by another inmate and that jail officials denied him adequate medical care. As a result, Neal alleges, he is now blind in his left eye.

The state court dismissed Neal's complaint on August 15, 2011. The court provided three reasons for doing so: First, the court concluded that Allen failed to "have summonses issued and served in a timely manner" without demonstrating "good cause for [his] failure." Second, the court found that Allen "failed to state a claim" that was "plausible on its face" or rose "above a speculative level." Finally, the court found that the defendants were "entitled to qualified immunity in their individual capacities." In conclusion, however, the county court stated that it was granting the defendant's motion to dismiss for "insufficient service of process," for "failure to state a claim upon which relief could be granted," and "for lack of subject matter jurisdiction."

On October 6, 2011, Neal filed the present suit in federal district court against the same defendants based on the same events. The district court concluded that res judicata barred Neal's claims and dismissed his suit. Neal now appeals.

2

## II

We review the lower court's dismissal de novo and liberally construe Neal's pro se filings.  Martinez v. Garden, 430 F.3d 1302, 1303 (10th Cir. 2005).  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90, 94 (1980).  There is no question that Neal litigated the same issues against the same defendants in his state court suit that he now seeks to litigate in federal court.  Instead, Neal argues that claim preclusion does not apply because the state court dismissed his prior action for lack of subject matter jurisdiction.

Neal is correct that a dismissal for lack of subject matter jurisdiction by an Oklahoma state court does not have claim preclusive effect in a subsequent federal case.  Indep. Sch. Dist. No. 1 v. Scott, 15 P.3d 1244, 1248 (Okla. Civ. App. Div. 2000); see also Brady v. UBS Fin. Servs., 538 F.3d 1319, 1327 (10th Cir. 2008).  He is mistaken, however, in his assertion that the state court did not have jurisdiction to decide his § 1983 claim.  It is well established that state courts may decide federal civil rights suits brought under § 1983, see Strickland v. City of Albuquerque, 130 F.3d 1408, 1412 (10th Cir. 1997), and we can discern no other reason why the state court would lack subject matter jurisdiction.

Although its opinion is lacking in detail, we surmise that the state court erroneously assumed that qualified immunity, like sovereign immunity, is jurisdictional in nature.  See FDIC. v. Meyer, 510 U.S. 471, 475 (1994).  But qualified immunity is a

3

defense on the merits, not a jurisdictional bar.  See Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982).  Accordingly, the state court dismissal order has preclusive effect whether it dismissed Neal's complaint for failure to state a claim or on qualified immunity grounds. The federal district court was therefore correct to dismiss the present complaint as res judicata.

### III

We **AFFIRM**.  Appellant is reminded he must continue making partial payments until the filing fees are paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge