BD. OF COUNTY COMMISSIONERS v. STATE ex rel. OKLA. DEPT. OF CORRECTIONS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BD. OF COUNTY COMMISSIONERS v. STATE ex rel. OKLA. DEPT. OF CORRECTIONS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BD. OF COUNTY COMMISSIONERS v. STATE ex rel. OKLA. DEPT. OF CORRECTIONS
2021 OK CIV APP 33
Case Number: 118902
Decided: 07/30/2021
Mandate Issued: 08/25/2021
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2021 OK CIV APP 33, __ P.3d __

 

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEMINOLE, OKLAHOMA, BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OKLAHOMA, OKLAHOMA, BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ATOKA, OKLAHOMA, BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LINCOLN, OKLAHOMA, BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DELAWARE, OKLAHOMA, Plaintiffs/Appellants,
v.
THE STATE OF OKLAHOMA, ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS, SCOTT CROW, In his official capacity as Interim Director of the Oklahoma Department of Corrections, and STATE BOARD OF CORRECTIONS, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE SUSAN STALLINGS, TRIAL JUDGE

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Terry M. McKeever, FOSHEE & YAFFE LAW FIRM, Oklahoma City, Oklahoma, for Plaintiffs/Appellants,

Craig A. Fitzgerald, Timothy J. Sullivan, Justin A. Lollman, GABLEGOTWALS, Tulsa, Oklahoma, for Defendants/Appellees.

B. J. Goree, Presiding Judge:

¶1 The Board of County Commissioners of Seminole, Oklahoma, Atoka, Lincoln, and Delaware Counties (collectively, "Counties") filed suit against the Oklahoma Department of Corrections, the State Board of Corrections, and Scott Crow in his official capacity as interim director (collectively, "DOC"). Counties seek declaratory judgment and damages for amounts expended on prisoners and not reimbursed by DOC. A statute sets a daily rate of reimbursement and describes the procedure a county must follow if its actual costs are greater than the statutory rate. In the event DOC and the county cannot agree on a rate, the statute directs the State Auditor to decide. The trial court dismissed all of Counties' claims stating it lacked subject matter jurisdiction. We hold the district court lacks subject matter jurisdiction to adjudicate any claim that would require it to decide the "actual daily cost reimbursement" referenced in Title 57 O.S. Supp. 2018 §38, because that determination rests in the executive branch of government through the power of the State Auditor. However, the court has subject matter jurisdiction to determine Counties' reimbursement claim for transporting inmates to DOC facilities because that claim is outside the scope of §38. We affirm in part and reverse in part.

¶2 The Oklahoma Constitution requires the state to support its institutions, including the State's penal institutions, and precludes the use of Counties' ad valorem tax proceeds to support anything deemed a "state purpose." Okla. Const. Art. 21, §1[1] and Okla. Const. Art. 10, §9(a).[2] See also Board of County Commissioners of the County of Bryan v. Oklahoma Department of Corrections, 2015 OK CIV APP 86, 362 P.3d 241. In certain instances, Oklahoma law requires a county to house inmates in its jails, and for DOC to reimburse the cost. 57 O.S. Supp. 2018 §§37-38. Housing inmates in county jails on behalf of the state after the date of judgment and sentence is a state purpose. Bryan County, ¶35. The Counties seek reimbursement for the cost of caring for inmates in their respective jails, and for the costs of transporting inmates.

¶3 Citing 57 O.S. Supp. 2018 §38, DOC filed a motion to dismiss. It argued the State Auditor has exclusive jurisdiction over disputes between Counties and DOC for reimbursement claims. Counties argue the district courts possess general jurisdiction to make determinations under §38, and even if the State Auditor has some authority under that statute, the court could exercise power over claims unrelated to the reimbursement rate. The trial court dismissed all claims for lack of subject matter jurisdiction and denied Counties' motion for new trial.[3]

¶4 The standard of review for denial of a motion for new trial is abuse of discretion. Smith v. City of Stillwater, 2014 OK 42, ¶11, 328 P.3d 1192. An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling. Id. The propriety of the trial court's denial of Counties' post-judgment motion rests on the underlying correctness of its decision to dismiss for lack of subject matter jurisdiction. See id. The abuse of discretion question is therefore settled by de novo review of the dismissal's correctness. Id. See also Young v. Station 27, Inc., 2017 OK 68, ¶8, 404 P.3d 829.

¶5 The narrow issue on appeal is the district court's subject matter jurisdiction.[4] The dominant question is the effect of §38, which empowers the State Auditor to determine the jail reimbursement rate, on the district court's "unlimited original jurisdiction of all justiciable matters." Okla. Const. Art. 7, §7(a). The reimbursement procedure of §38 involves the interplay of several governmental entities. Sheriffs, or others properly designated, are in charge of jails in Oklahoma.[5] County Sheriffs are required to provide board and necessities to inmates,[6] and are entitled to compensation for these items from the County Board.[7] County jails are sometimes used as prisons for persons who have been sentenced but have not yet been transported to state prison.[8] DOC incurs the cost of housing those persons in county jails from the time the Judgment and Sentence is ordered until the time the inmate is transferred. Title 57 O.S. Supp. 2018 §37(E) provides:

E. The Department will be responsible for the cost of housing the inmate in the county jail including costs of medical care provided from the date the judgment and sentence was ordered by the court until the date the inmate is scheduled to be transferred to the Department from the county jail. . . .

Title 57 O.S. Supp. 2018 §38 sets the DOC daily rate of reimbursement at $27 per day and governs the procedure when the actual cost exceeds $27 per day:

The Department of Corrections shall reimburse any county which is required to retain an inmate pursuant to subsection E of Section 37 of this title in an amount not to exceed Twenty-seven Dollars ($27.00) per day for each inmate during such period of retention, unless the actual daily cost as determined by the Department of Corrections Daily Rate as defined in this section, exceeds Twenty-seven Dollars ($27.00). If the actual daily cost as determined by the Department of Corrections Daily Rate exceeds Twenty-seven Dollars ($27.00), the county shall notify the Department of Corrections of the actual daily cost no later than September 30. If the county's actual daily cost is accepted by the Department that shall be the reimbursement rate for the county beginning the next fiscal year. If the Department rejects the county's actual daily cost application, then the actual daily cost reimbursement shall be determined by the State Auditor and shall be imposed beginning the next fiscal year. The Department shall distribute the reimbursement on a monthly basis upon receipt and approval of a billing statement from the county. The county shall use the reimbursement to defray expenses of equipping and maintaining the jail and payment of personnel.

(emphasis added). Section 38's requirements that the county notify DOC, that DOC make the decision to approve or deny the rate, and that the State Auditor decide the rate in the event of a dispute between the county and DOC contemplates an executive or administrative scheme.[9]

 

¶6 Subject matter jurisdiction is the court's power to proceed in a case of the character presented, or power to grant the relief sought. Dutton v. City of Midwest City, 2015 OK 51, ¶16, 353 P.3d 532. It concerns the ability of the court to determine the particular matter; it cannot be waived by the parties and it may be challenged at any time. In re A.N.O., 2004 OK 33, ¶9, 91 P.3d 646. The Constitution specifically lists those entities in which judicial power is vested and it creates the subject matter jurisdiction of the district courts of the State. Okla. Const. Art. 7, §1. Judicial power is vested in the state courts, including the district courts, and "such Boards, Agencies and Commissions created by the Constitution or established by statute as exercise adjudicative authority or render decisions in individual proceedings."[10] Okla. Const. Art. 7, §1. Additionally, the district court's jurisdiction is limited by the Oklahoma Constitution's article providing for the separation of powers. Art. 4, §1.[11]

¶7 The Constitution vests powers in three separate branches--the legislative, executive and judicial. Except as provided in the Constitution, the three are separate and distinct and shall not exercise the power properly belonging to another. Okla. Const. Art. 4, §1. The doctrine of separation of powers requires that the judiciary not interfere with the exercise of executive or legislative powers unless express authority to do so is provided for in the Constitution. See Independent School District No. 1 of Oklahoma County v. Scott, 2000 OK CIV APP 121, ¶22, 15 P.3d 1244.[12]

¶8 Okla. Const. Art. 6, §1 names the Auditor as a member of the executive branch.[13] The Constitution provides the duties and powers of the Auditor;[14] it requires that they have experience as an expert accountant and that they "perform such other duties and have such other powers as may be prescribed by law." Okla. Const. Art. 6, §19.[15] Importantly, Article 6, §1 specifically authorizes the Legislature to prescribe additional executive duties.

¶9 Title 57 O.S. §38 directs the Auditor to determine the actual daily reimbursement cost in certain situations. The Auditor as a member of the Executive Branch exercises discretion in the performance of his duties and courts may only interfere with that power in extreme situations. Scott, ¶23. The Legislature has "impose[d] certain positive duties" on the Auditor, and "by failing to define the limits of his duties and to prescribe the manner of their performance[,] he is left to his own judgment in the discharge of his duties thus imposed, and the courts will not interfere with his discretion unless it be made to appear that he has abused his discretion." Clark v. Carter, 1922 OK 106, ¶19, 209 P. 932. When the Legislature vests the Auditor with "a positive duty . . . without defining the extent of such duty or prescribing how it shall be exercised[,]" courts cannot control such discretion. Id. at ¶4, ¶22. A court cannot control an executive officer in the exercise of executive discretion without the express power to do so. Bynum v. Strain, 1923 OK 596, 218 P. 883.[16]

¶10 Because §38 confers on the State Auditor a discretionary executive duty to determine the jail reimbursement rate, the district court may not interfere with that power absent conduct that is arbitrary, capricious, or an abuse of discretion. See Scott, ¶23. The statute governs reimbursement for retention of inmates, not costs for transporting them. We hold the district court lacks subject matter jurisdiction to adjudicate any claim that would require it to decide the "actual daily cost reimbursement" referenced in Title 57 O.S. Supp. 2018 §38. The district court has subject matter jurisdiction to determine reimbursement for transporting inmates to DOC facilities. The judgment is affirmed in part, reversed in part, and remanded for further proceedings.

 

MITCHELL, J., and PRINCE, J., concur.

FOOTNOTES

[1] Okla. Const. Art. 21, §1 provides: "Educational, reformatory, and penal institutions and those for the benefit of the insane, blind, deaf, and mute, and such other institutions as the public good may require, shall be established and supported by the State in such manner as may be prescribed by law."

[2] Okla. Const. Art. 10, §9(a) provides: (a) Except as herein otherwise provided, the total taxes for all purposes on an ad valorem basis shall not exceed, in any taxable year, fifteen (15) mills on the dollar, no less than five (5) mills of which is hereby apportioned for school district purposes, the remainder to be apportioned between county, city, town and school district, by the County Excise Board, until such time as a regular apportionment thereof is otherwise provided for by the Legislature. No ad valorem tax shall be levied for State purposes, nor shall any part of the proceeds of any ad valorem tax levy upon any kind of property in this State be used for State purposes.

[3] Counties' new trial motion did not raise the issue of whether an amendment to §38 applies retroactively. We do not review that question because it was waived. 12 O.S. §651; Smith v. City of Stillwater, 2014 OK 42, ¶10, 328 P.3d 1192.

[4] The accelerated procedure applies to this appeal of a final order of dismissal for lack of subject matter jurisdiction. Okla. Sup. Ct. Rule 1.36(a)(2). The propositions of error are limited to those preserved in the petition in error, exhibit c. Accordingly, we leave undecided any questions of whether the Amended Petition states a valid claim for relief.

[5] Title 57 O.S. §47 provides: "The sheriff, or such person designated by law in his place, shall have charge of the county jail of his county and of all persons by law confined therein, and such sheriff or other officer is hereby required to conform, in all respects, to the rules and directions promulgated pursuant to Section 192 of Title 74 of the Oklahoma Statutes and of the district judge and communicated to him by the proper authority."

[6] Title 57 O.S. §52 provides: "It shall be the duty of the sheriff of each county to provide bed clothing, washing, board and medical care when required, and all necessities for the comfort and welfare of prisoners as specified by the standards promulgated pursuant to Section 192 of Title 74 of the Oklahoma Statutes and he shall be allowed such compensation for services required by the provisions of Sections 41 through 64 of this title, as may be prescribed by the county commissioners. All purchases made pursuant to the provisions of this section shall be made pursuant to the purchasing procedures specified in Sections 1500 through 1505 of Title 19 of the Oklahoma Statutes, including the use of blanket purchase orders as provided for in Section 310.8 of Title 62 of the Oklahoma Statutes."

[7] Title 57 O.S. §60 provides: "Whenever a prisoner is committed for crime, or in any suit in behalf of the state, the county board shall allow the sheriff his reasonable charge for supplying such prisoners."

[8] Title 57 O.S. §42 provides: "The common jails in the several counties in the charge of the respective sheriffs, shall be used as prisons:

1. For the detention of persons charged with offenses, and duly committed for trial.
2. For the detention of persons who may be duly committed, to secure their attendance as witnesses on the trial of any criminal cause.
3. For the confinement of persons pursuant to a sentence, upon a conviction for an offense and of all other persons duly committed for any cause authorized by law.
4. For the confinement of persons who may be sentenced to imprisonment in the state prison, until they shall be removed thereto."

[9] Counties asserted no facts in their Amended Petition indicating Counties notified DOC, DOC approved or denied a different rate, or the Auditor was called on to decide a different rate. DOC, however, did not argue Counties failed to exhaust their administrative remedies and Counties did not identify that legal doctrine as an issue on appeal.

[10] Consistent with Okla. Const. Art. 7, §1, an administrative agency acting in an adjudicative capacity functions much like a court. Robinson v. Fairview Fellowship Home for Senior Citizens, Inc., 2016 OK 42, ¶6, 371 P.3d 477.

[11] Okla. Const. Art. 4, §1, provides: "The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

[12] See also, Fields v. Driesel, 1997 OK CR 33, ¶¶25-36, 941 P.2d 1000 (Trial court attempted to hold executive director in contempt for the performance of a statutorily authorized discretionary act. The attempt to interfere with the performance of a purely discretionary act violated the Constitution's separation of powers doctrine); Board of Commissioners of Grant County v. Comstock, 1932 OK 846, ¶¶11-17, 17 P.2d 501 (Legislature vested in County Commissioners power to maintain and repair county roads. In granting resident a mandatory injunction in response to County's maintenance decisions, the trial court acted in a manner to control the discretion of another department of government. Discretionary acts of public officials are to be interfered with through judicial intervention only in limited circumstances). See also State v. Huston, 1910 OK 259, ¶¶16, 22, 56-57, 113 P.190 (the judiciary is limited in its ability to review and interfere with the Auditor as an executive member of government in the exercise of their duties imposed on them by law in the Constitution).

[13] Okla. Const. Art. 6, §1 provides in pertinent part: "The Executive authority of the state shall be vested in a . . . State Auditor and Inspector . . . [who] shall perform such duties as may be designated in this Constitution or prescribed by law." See e.g., Oklahoma Benefit Life Association v. Bird, 1943 OK 103, 135 P.2d 994 (Insurance Commissioner is named as member of executive branch by Constitution. Additionally, Legislature may vest in him executive powers including the power to determine disputes between companies and policyholders with respect to internal management).

[14] Okla. Const. Art. 6, §19 provides: "The State Auditor and Inspector must have had at least three years' experience as an expert accountant; his duties shall be, without notice to such treasurer, to examine the state and all county treasurers' books, accounts and cash on hand or in bank at least twice each year, and publish his reports as to every such treasurer once each year. For the purpose of such examination he shall take complete possession of such treasurer's office. He shall also prescribe a uniform system of bookkeeping for the use of all treasurers. The State Auditor and Inspector shall perform such other duties and have such other powers as may be prescribed by law."

[15] As part of the executive branch, the State Auditor is tasked with the faithful execution of his duties as prescribed in the Constitution or by the Legislature. Clark v. Carter, 1922 OK 106, ¶¶7-8, 209 P. 932.

[16] In Bynum, the Court recognized Okla. Const. Art. 14, §1 authorized the Legislature to create the banking department under the control of the Bank Commissioner. The Commissioner filed suit against the Governor seeking an injunction from the court prohibiting the State's chief executive from removing him from his position. The court concluded that it had no power to interfere with the discharge of executive duties of the Governor, given that the power to appoint and remove the officer was intrinsically an executive function and not a judicial act.

 

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1997 OK CR 33, 941 P.2d 1000, FIELDS v. DRIESEL
Discussed
Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2000 OK CIV APP 121, 15 P.3d 1244, 71 OBJ 3273, INDEPENDENT SCHOOL DIST. NO. 1 v. SCOTT
Discussed
 2015 OK CIV APP 86, 362 P.3d 241, BD. OF COUNTY COMMISSIONERS OF COUNTY OF BRYAN v. OKLAHOMA DEPT. OF CORRECTIONS
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1932 OK 846, 17 P.2d 501, 161 Okla. 43, BOARD OF COM'RS OF GRANT COUNTY et al. v. COMSTOCK.
Discussed
 1922 OK 106, 209 P. 932, 86 Okla. 126, CLARK v. CARTER
Discussed at Length
 1910 OK 259, 113 P. 190, 27 Okla. 606, STATE ex rel. AG
Cited
 1923 OK 596, 218 P. 883, 95 Okla. 45, BYNUM v. STRAIN
Discussed
 2004 OK 33, 91 P.3d 646, IN RE: A.N.O., A MINOR CHILD
Discussed
 2014 OK 42, 328 P.3d 1192, SMITH v. CITY OF STILLWATER
Discussed at Length
 2015 OK 51, 353 P.3d 532, DUTTON v. CITY OF MIDWEST CITY
Discussed
 2016 OK 42, 371 P.3d 477, ROBINSON v. FAIRVIEW FELLOWSHIP HOME FOR SENIOR CITIZENS, INC.
Discussed
 2017 OK 68, 404 P.3d 829, YOUNG v. STATION 27, INC.
Discussed
 1943 OK 103, 135 P.2d 994, 192 Okla. 288, OKLAHOMA BEN. LIFE ASS'N v. BIRD
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 651, New Trial - Definition - Causes for
Cited
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 37, Facilities Reaching Maximum Capacity - Transfer - Receipt of Judgment and Sentence
Cited
 57 O.S. 38, Reimbursement of Counties - Medical Care
Discussed at Length
 57 O.S. 42, Common Jails Used as Prisons - When Appropriate
Cited
 57 O.S. 47, Sheriff to Have Charge of the Jail
Cited
 57 O.S. 52, Sheriff to Provide Board and Necessary Articles - Compensation
Cited
 57 O.S. 60, Sheriff to be Paid for Keeping Prisoners
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA